IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Codey Greer, | Case No. 3:14 CV 1932 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Gary Mohr, et al., | |
| Defendants. | |

*Pro se* Plaintiff Codey Greer, an inmate at the North Central Correctional Complex ("NCCC"), filed this action against Ohio Department of Rehabilitation & Correction Director Gary Mohr, NCCC Warden Neil Turner, Judge Heinz, Attorney Randall Breadon, John Doe Darke County Prosecutor, John Doe Darke County Sheriff, John Doe Darke County Deputies, Warden Oppy, Ohio Attorney General Mike DeWine, Sgt. Holly Cross, Jerry Henry, and Dave Marquardt (this Court grants Plaintiff's Motion to Amend the Complaint (Doc. 6)). The Amended Complaint references 42 U.S.C. § 1983, but also contains legal conclusions that would be the subject of an action filed under 28 U.S.C. §§ 2241 or 2254. Plaintiff seeks $150 million in damages.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319

(1989). A complaint fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Viewed in the light most favorable to the plaintiff, a complaint must raise the right to relief above the speculative level. *See Bell Atl. Corp.*, 550 U.S. at 555. Detailed factual allegations are not required, but a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In a handwritten Amended Complaint, Plaintiff alleges a series of Eighth Amendment deprivations, prosecutorial and judicial misconduct, ineffective assistance of counsel, and racketeering offenses. Even liberally construed, the Complaint's comprehensible portions contain only legal conclusions. As a result, Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff's "Motion for Appointment of Counsel and Motion to Consolidate Cases" (Doc. 8) is denied. Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 3) is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 7, 2015